UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COUNTRY MUTUAL INSURANCE
COMPANY, a foreign corporation,

        Plaintiff,

      v.

APOLLO DRAIN SERVICE, LLC, a
Washington limited liability company;
ANDREW VAN WETTER, a Washington
resident; HEIDI VAN WETTER, a Washington
resident; and SCOTT VAN WETTER, a
Washington resident,

        Defendants.

NO.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Country Mutual Insurance Company ("CMIC"), by and through its attorneys, Williams, Kastner & Gibbs, PLLC, files this Complaint for Declaratory Judgment, and hereby alleges as follows:

### I.    PARTIES

1.    CMIC is an Illinois corporation with its principal place of business in Illinois.

2.    Upon information and belief, Defendant Apollo Drain Service, LLC ("Apollo") is a Washington limited liability company.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

3.      Upon information and belief, Defendant Andrew Van Wetter ("Andrew")[1] is a Washington resident and the owner/operator of Apollo.

4.      Upon information and belief, Defendant Heidi Van Wetter ("Heidi") is a Washington resident.

5.      Upon information and belief, Defendant Scott Van Wetter ("Scott") is a Washington resident.

6.      Apollo, Andrew, Heidi, and Scott may be referred to collectively as the "Defendants."

## II.      VENUE AND JURISDICTION

7.      The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity between CMIC and the Defendants, and based on information and belief, the amount in controversy exceeds $75,000.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Island County, Washington.

## III.  FACTS

**A.      The Policy**

9.      CMIC issued a Businessowners Insurance Policy to Apollo, Policy No. AM 9403237 00, that provides certain coverage, pursuant to its terms and conditions, with liability coverage limits of $1,000,000 per occurrence and $2,000,000 general aggregate (the "Policy").  A complete copy of the Policy is attached as **Exhibit A**.

10.      The effective dates of the Policy are November 30, 2024 to October 23, 2025.

11.      The Policy provides general liability coverage as follows:

---

[1] Given the common last name of the three individual defendants, CMIC refers to them by their first name herein.  No disrespect is intended.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

## BUSINESSOWNERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Coverage Form, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

In Section **II** – Liability, the word "insured" means any person or organization qualifying as such under Paragraph **C.** Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Paragraph **H.** Property Definitions in Section **I** – Property and Paragraph **F.** Liability And Medical Expenses Definitions in Section **II** – Liability.

…

### SECTION II – LIABILITY

**A. Coverages**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph **D.** Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period; and

**(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

…

## B. Exclusions

### 1. Applicable to Business Liability Coverage

This insurance does not apply to:

…

### p. Personal And Advertising Injury

"Personal and advertising injury":

**(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)** Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3)** Arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period;

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

**(4)** For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

**(5)** Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

**(6)** Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

**(7)** Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

**(8)** Committed by an insured whose business is:

    **(a)** Advertising, broadcasting, publishing or telecasting;

    **(b)** Designing or determining content of web sites for others; or

    **(c)** An Internet search, access, content or service provider.

    However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under Paragraph **F.** Liability And Medical Expenses Definitions.

    For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, by itself, is not considered the business of advertising, broadcasting, publishing or telecasting;

**(9)** Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time;

**(10)** With respect to any loss, cost or expense arising out of any:

    **(a)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

    **(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants";

**(11)** Arising out of an electronic chatroom or bulletin board the insured hosts, owns or over which the insured exercises control;

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

(12) Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan;

(13) Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

…

**r. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**C. Who Is An Insured**

**1.** If you are designated in the Declarations as:

…

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

…

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

…

**F. Liability And Medical Expenses Definitions**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

    **b.** Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

…

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

…

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

…

12.    The Policy further provides by way of endorsement, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PUNITIVE DAMAGES EXCLUSION**

This endorsement modifies insurance provided under the following:

…

**BUSINESSOWNERS COVERAGE FORM**
**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

…

The following exclusion is added to the Liability Coverage section(s):

This insurance does not apply to sums awarded for punitive or exemplary damages. These include damages which may be imposed to punish a wrongdoer or deter others from similar conduct. Except that if a "suit" shall have been brought against any insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then we will afford a defense to such action without liability, however, for such punitive or exemplary damages.

Nothing contained here varies, alters, or extends any provision of the policy except as provided in this endorsement.

**B.    The Claim**

13.    On or about July 2, 2025, Andrew and Apollo filed a Complaint against Scott and Heidi in a lawsuit captioned as *Apollo Drain Service, LLC and Andrew Van Wetter v. Heidi Van Wetter and Scott Van Wetter*, Island County Superior Court, Case No.: 25-2-000339-15 ("Underlying Complaint" or "Underlying Lawsuit").  A copy of the Underlying Complaint is attached as **Exhibit B**.

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

14. In the Underlying Complaint, Andrew alleged that he is the sole and managing member of Apollo, and that he derives one-hundred percent (100%) of his income from Apollo's business.

15. Andrew alleged that his parents, Paul and Ann Van Wetter (collectively "Parents") enacted an estate plan in 2020 to avoid passing any inheritance to Scott and avoid challenges to their wills.

16. Andrew alleged that, at that time, the Parents had a reverse mortgage on their home located at 3971 Beaver Creek Lane, Clinton, WA ("Parents' Property"), which was the only real asset that the Parents could leave their children.

17. Andrew alleged that he had power of attorney for the Parents at that time.

18. Andrew alleged that the Parents enacted a plan in 2020 to save the Parents' Property (the "Plan"), under which the Parents would lease a portion of it to Apollo for a nominal fee to build and operate a shop and store heavy equipment (the "Project").

19. Andrew alleged that the building of the shop as part of the Plan would increase the equity of the Parents' Property, which would allow the Parents' Property to be refinanced when the Parents passed away, so their children would receive some inheritance funds after the construction costs of the shop were re-imbursed to Apollo.

20. Andrew alleged that the Parents contributed only $10,000 to the Project for permits and other unspecified issues related to their land.

21. Andrew alleged that the Project broke ground in 2021, and it was finished in 2023, when the lease between Apollo and the Parents went into effect.

22. Andrew alleged that he convinced Heidi and her son to move back in with the Parents at the Parents' Property in 2022, so she could assist with their care.

23. Andrew alleged that Ann Van Wetter passed away in February 2025.

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

24.　Andrew alleged that, soon thereafter, Scott returned to the Parents' Property and took Ann Van Wetter's ashes with him to Arizona.

25.　Andrew alleged that Scott returned to the Parents' Property in March 2025 and began living there in a camper.

26.　Andrew alleged that Scott hooked his camper to the electricity in the leased area of the Parents' Property without Apollo's permission.

27.　Andrew alleged that Scott defamed him and intentionally isolated him from his father, Paul Van Wetter.

28.　Andrew alleged that Scott and Heidi actively pressured Paul Van Wetter to sell the Parents' Property and move with them to Arizona or Texas, and prevented Andrew from seeing Paul Van Wetter.

29.　Andrew alleged that Scott positioned his trailer to block Apollo's access to the leased portion of the Parents' Property, and later changed the locks and posted "no trespassing" signs to prevent Apollo from accessing the leased property.

30.　Andrew alleged that Scott defamed him in public and online.

31.　Andrew alleged that he sought a protective order to stop Scott and Heidi from abusing Paul Van Wetter.

32.　Andrew alleged, that in response to his efforts to seek a protective order, Heidi created a "go fund me" page to support her efforts (ostensibly on behalf of Paul Van Wetter) to oppose the protective order.

33.　Andrew alleged that Scott and Heidi manipulated Paul Van Wetter against him.

34.　Andrew alleged that Scott and Heidi tortiously interfered with Apollo's lease of the Parents' Property and Andrew's relationship with Paul Van Wetter.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

35. Andrew alleged the following causes of action against Scott and Heidi in the Underlying Complaint: (1) defamation; (2) tortious interference with a contract and lockout; (3) tortious interference with a family relationship; (4) emotional distress; (5) tortious interference with a power of attorney; and (6) conversion and/or trespass to chattels.

36. In response to the Underlying Lawsuit, Heidi and Scott filed an Answer and Counterclaim on August 11, 2025, against Andrew and Apollo ("Underlying Counterclaim"), which includes the following causes of action: (1) defamation; (2) abuse of process; (3) financial exploitation of a vulnerable adult; (4) zoning violation and injunctive relief; (5) intentional interference with familial relations; and (6) declaratory judgment.  A copy of the Underlying Counterclaim is attached as **Exhibit C**.

37. In the Underlying Counterclaim, Heidi and Scott alleged that Andrew sought a vulnerable adult protection order against Scott without credible evidence, which caused him emotional distress, isolation, and reputational harm.

38. In the Underlying Counterclaim, Heidi and Scott alleged Scott has been unable to continue working in his professional field because of the vulnerable adult protection order.

39. In the Underlying Counterclaim, Heidi and Scott alleged that Andrew repeatedly defamed Scott, including accusations of theft and misconduct.

40. In the Underlying Counterclaim, Heidi and Scott alleged that Heidi has become the sole caregiver for their father, causing her to take time off work, endure emotional strain, and navigate the consequences of Andrew's actions alone.

41. In the Underlying Counterclaim, Heidi and Scott alleged that Andrew manipulated a vulnerable adult into signing a lease agreement with Apollo under coercive conditions, resulting in financial exploitation and zoning violations.

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

42. Count 5 of the Underlying Counterclaim alleged that Andrew may have violated a criminal statute, RCW 7.105.460, by submitting materially false information or intending to harass Scott by seeking a protective order.

43. In the Underlying Counterclaim, Heidi and Scott alleged emotional trauma, reputational damage, financial loss, and familial estrangement.

44. On June 5, 2026, CMIC issued a reservation of rights letter to Andrew and Apollo, which indicated that it would provide a defense to Andrew and Apollo for the claims alleged in the Underlying Counterclaim subject to a full reservation of CMIC's coverage rights under the Policy and otherwise at law. A copy of CMIC's June 5, 2026 reservation of rights letter is attached as **Exhibit D**.

## IV. FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT: NO "BODILY INJURY", "PROPERTY DAMAGE", OR "PERSONAL AND ADVERTISING INJURY" CAUSED BY AN "OCCURRENCE"

45. CMIC realleges each of the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

46. The Policy provides certain liability coverage for damages because of "bodily injury", "property damage", or "personal and advertising injury" that is caused by an "occurrence."

47. The Underlying Counterclaim alleged certain damages, including without limitation, "reputational harm" and inability to work that do not fall within the scope of covered damages as provided by the Policy.

48. The Underlying Counterclaim alleged certain damages as a result of Andew's efforts to seek a protective order against Scott, which are not caused by an "occurrence" as this term is defined by the Policy.

49. The damages alleged in certain causes of action in the Counterclaim are not covered by the Policy, including without limitation, the following: **Count 1** (Defamation); **Count 2** (Abuse

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

of Process); **Count 3** (Financial Exploitation of Vulnerable Adult); and **Count 4** (Zoning Violations and Injunctive Relief).

50.     The Underlying Counterclaim alleged causes of action that do not seek damages that are not covered under the Policy, including without limitation, the following: **Count 4** (Zoning Violation and Injunctive Relief) and **Count 6** (Declaratory Judgment).

51.     As a result, CMIC is entitled to declaratory judgment that it owes no obligation to provide indemnity coverage to Andrew or Apollo for any claims and damages as alleged in the Underlying Counterclaim and no obligation to pay for any attorney fees and costs incurred by Andrew or Apollo in pursuit of their claims as alleged in the Underlying Complaint.

52.     Furthermore, because the Policy provides coverage for covered damages sought in a "suit" against an insured, CMIC owes no obligation to pay for any attorney fees and costs incurred by Andrew or Apollo in pursuit of their claims against Heidi and/or Scott as alleged in the Underlying Complaint.

## V.  SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT: CRIMINAL ACTS EXCLUSION

53.     CMIC realleges each of the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

54.     The Policy contains a Criminal Acts exclusion.

55.     The Underlying Counterclaim alleged in **Count 5** that Scott may have violated a criminal statute.

56.     To the extent that the Underlying Counterclaim alleged claims and causes of action that constitute a criminal act that fall within this exclusion, CMIC is entitled to declaratory judgment that it owes no obligation to provide indemnity coverage to Andrew or Apollo.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

## VI.  THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT: ANDREW IS NOT AN INSURED FOR HIS OWN ACTIONS OUTSIDE OF MANAGING APOLLO

57.    CMIC realleges each of the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

58.    The Underlying Counterclaim alleged that Andew took various actions, such as seeking a protective order and making defamatory statements about Scott.

59.    Such actions by Andrew as alleged in the Counterclaim do not arise from his duties as manager of Apollo.

60.    By way of example only, the following causes of action have no relation to Apollo's business: **Count 1** (Defamation); **Count 2** (Abuse of Process); **Count 5** (Intentional Interference with Familial Relations).

61.    As such, CMIC has no obligation to provide defense or indemnity coverage to Scott for the claims made against him in the Underlying Lawsuit.

62.    Moreover, there are no claims or causes of action against Apollo for actions taken by Scott arising from his duties as manager of Apollo.

63.    As such, CMIC has no obligation to provide defense or indemnity coverage to Apollo for the claims made against it in the Underlying Lawsuit.

## VII.  FOURTH CAUSE OF ACTION
## DECLARATORY JUDGMENT: PUNITIVE DAMAGE EXCLUSION

64.    CMIC realleges each of the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

65.    The Policy contains a Punitive Damages exclusion.

66.    The Underlying Counterclaim alleged in **Count 2** that Scott may be subject to punitive damages.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1

67.    To the extent that the Underlying Counterclaim alleged claims and causes of obligation to provide indemnity coverage to Andrew or Apollo.

68.    A justiciable controversy exists between CMIC and the Defendants as to whether CMIC owes any coverage under the Policy for the Underlying Counterclaim under the terms and conditions of the Policy.

## VIII.    PRAYER FOR RELIEF

Based on the allegations contained here, CMIC prays for the following relief:

1.    Entry of declaratory judgment that CMIC owes no obligation to provide either defense and/or indemnity coverage to Andrew and/or Apollo in the Underlying Lawsuit under the Policy.

2.    An award of attorney fees and costs as allowed by applicable law and equity.

3.    Such other and further relief as the court deems just and equitable.

DATED this 16th day of July, 2026.

s/ Eliot M. Harris
Eliot M. Harris, WSBA # 36590
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Tel:    (206) 628-6600
Fax:    (206) 628-6611
Email: eharris@williamskastner.com

*Attorneys for Plaintiff Country Mutual Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4925-7981-0236.1